**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU,<br><br>Plaintiff,<br><br>v.<br><br>TCF NATIONAL BANK,<br><br>Defendant. | Case No. 17-cv-00166-PAM-DTS<br><br>PLAINTIFF'S MEMORANDUM OF LAW SUPPORTING MOTION TO AMEND THE SCHEDULING ORDER<br><br>Date: March 19, 2018<br>Time: 9:00 a.m.<br>Court: Hon. David T. Schultz |

## INTRODUCTION

Plaintiff Consumer Financial Protection Bureau (the "Bureau") requests an extension of the deadline to amend pleadings to allow the Bureau to assess newly discovered potential claims. Although the current deadline has not yet passed and discovery will not close for nearly four more months, the Defendant TCF Bank does not consent to extend the deadline for any amount of time.

Good cause exists for this request because TCF has yet to produce requested discovery that is relevant to a potential new claim, that was requested three-and-a-half months ago, and that TCF has already promised to produce. The Bureau asks the Court to extend the deadline to amend by 15 days from the date ordered by the Court for TCF to produce this discovery.

The Bureau is diligently conducting discovery in this matter. The Bureau offered TCF an opportunity to discuss the Bureau's potential claims and consider exculpatory information and arguments *before* moving to amend under Rule 15.

Rather than engage with the Bureau, TCF now opposes the Bureau's motion to extend the scheduling order deadline to amend pleadings. TCF also continues to delay production of promised discovery relevant to a potential new claim, potentially requiring the Bureau to move to compel. Accordingly, good cause exists to extend the deadline to amend pleadings and TCF cannot show any prejudice that may result from the Bureau's motion.

## FACTS AND PROCEDURAL BACKGROUND

This action challenges the sales practices that TCF used to market its overdraft services. The First Amended Complaint ("FAC") asserts claims related to TCF's new-account opening process, in which TCF trained its employees to divert consumers' attention from, or gloss over, federally required disclosures, and to bury the overdraft service opt-in election among mandatory account elections that took place later in the account-opening process, leaving customers with the net impression that opting-in to the overdraft service was necessary to open the account and obscuring the federal disclosure.

In reviewing TCF's discovery responses and representations, the Bureau has uncovered some evidence that may support a new claim. The Bureau has sought further discovery from TCF – which the Bureau has requested, but TCF has so far failed to produce – to evaluate these claims.

TCF touted consumers' ability to "swipe negative and settle positive" as a benefit of its overdraft service when arguing in support of its Motion to Dismiss. *See* Declaration of Owen Martikan Supporting Plaintiff's Motion to Amend

Scheduling Order ("Decl.") ¶ 3; Exhibit ("Ex.") 1.



Decl. ¶ 4. The Bureau requested discovery from TCF to evaluate this claim. Decl. ¶ 6; Ex. 2. Decl. ¶ 5. The Bureau's attempt to get full discovery on this issue before the deadline to amend pleadings has been frustrated by TCF's delay in providing discovery that they have promised to produce. Decl. ¶¶ 7-11; Exs. 3-4.

The Bureau first sought discovery regarding the "swipe negative, settle positive" representations in requests for production to TCF served on November 1, 2017. Decl. ¶ 6; Ex 2. In its responses, TCF agreed to produce, but has not yet produced, necessary responsive documents despite repeated requests from the Bureau. Decl. ¶¶ 7, 11; Ex. 2. The Bureau has diligently pursued this discovery. Decl. ¶¶ 8-10. As of the date of this filing, TCF has not produced responsive information and the Bureau may include the requests in a forthcoming motion to compel. Decl. ¶ 11.

In sum, the Bureau is assiduously analyzing and reviewing the discovery that TCF has so far provided but has not yet received discovery relating to the

"swipe negative, settle positive" representations. The Bureau needs some additional time to pursue this discovery through motion, if necessary, and to assess it once TCF produces it as promised. The short extension requested here should not require the alteration of any other date in the scheduling order.

## ARGUMENT AND AUTHORITIES

### I. Good cause exists to modify the scheduling order.

Rule 16(b) provides that a scheduling order deadline may be modified for good cause shown. Likewise, Local Rule 16.3(b) states that a party who moves to modify a scheduling order must: (1) establish good cause for the proposed modification; and (2) explain the proposed modification's effect on any deadlines, if any. Local Rule 16.3(d) requires the moving party to seek a hearing before the expiration of the deadline that is the subject of the motion but does not require the hearing to occur before the deadline.

"The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 717 (8th Cir. 2008). The discovery of new evidence or the necessity to complete discovery essential to support new claims can constitute good cause to extend the deadline to amend. *See, e.g.*, *Novo Nordisk, Inc. v. Paddock Labs, Inc.*, 797 F. Supp. 2d 926, 929 (D. Minn. 2011) (extending the deadline to amend pleadings where new facts became available to defendant after the deadline); *Cattanach v. Burlington Northern Santa Fe, LLC,* No. 13-1664 (JRT/JSM), 2014 WL 11429037, at *4 (D. Minn Sept. 16, 2014); (extending the

deadline to amend pleadings where necessary depositions could not be completed prior to the deadline). "A secondary measure of good cause is 'prejudice to the nonmovant resulting from modification of the scheduling order.'" *Nationwide Mut. Ins. Co. v. Korzan*, No. 15-4124-KES, 2016 WL 4148242, at *3 (D.S.D. Aug. 4, 2016) (citing *Sherman*, 532 F.3d at 717). "The burden of proving prejudice lies with the party opposing the motion." *Id.* (internal citation omitted).[1]

## II. The Bureau has been diligent in its efforts to comply with the scheduling order.

The Bureau requested discovery regarding TCF's "swipe negative, settle positive" sales practices on November 1, 2017. Decl. ¶ 6; Ex. 2. On December 1, 2017, TCF promised that it would produce responsive information to a number of the Bureau's outstanding discovery requests, including the following requests relating to the "swipe negative, settle positive" claim:

> **RFP No. 36**: additional documents supporting the assertion, at pages 6-7 of the memorandum of law supporting TCF's motion to dismiss, ECF No. 38, that TCF does not charge a fee if "when the customer swipes his card to authorize his transaction his account does not have sufficient funds, but sufficient funds are deposited into the account before TCF pays, or 'settles,' the transaction a day or two later."

[1] Rule 15 sets forth the standard to be used when assessing whether an amended complaint should be accepted. While the Bureau believes Rule 16 governs this motion, the Bureau readily meets the Rule 15 standard as well. Denial of leave to amend pleadings is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated. *Roberson v. Hayti Police Dep't*, 241 F.3d 992, 995 (8th Cir. 2001). None of these factors are present here and the Court has no reason to deny the Bureau's motion on the merits.

> **RFP No. 38**: policy or procedure documents – but not "all" such documents – relating to the "swipe negative/settle positive" policy.

Decl. ¶ 7; Ex. 3. On January 12, 2018, the Bureau sent TCF a letter requesting production of the promised responsive material by January 26, 2018. Decl. ¶ 8; Ex. 4. On February 8, 2018, the Bureau sent TCF another letter seeking to meet and confer about this outstanding discovery. Decl. ¶ 9. Those efforts were unsuccessful and the Bureau may move to compel those responses. Decl. ¶ 11. To date, TCF has failed to produce any information responsive to the "swipe negative, settle positive" requests. *Id.*

The Bureau has been persistent in attempting to gather the discovery necessary to assess whether TCF's sales practices surrounding "swipe negative, settle positive" campaign are actionable, but TCF has stalled these efforts by delaying its production of documents that it has promised to produce. Because the Bureau was diligent in its attempt to gather this discovery but has been unable to obtain it for reasons beyond its control good cause exists for a short extension of the amendment deadline in the scheduling order. *See Cattanach*, 2014 WL 11429037, at *4 (finding good cause exists to extend the deadline to amend pleadings where plaintiff claimed defendant had made key witnesses with information relevant to potential new claims unavailable for deposition prior to the deadline).

Also, despite TCF's delayed discovery responses, the Bureau has moved to extend sufficiently close in time to initial discovery of these facts and to the

deadline to amend pleadings that no undue delay should be inferred. *See Korzan*, 2016 WL 4148242 at *3; *see also Novo Nordisk, Inc.*, 797 F. Supp. 2d at 929 (extending deadline to amend where request came after scheduling order deadline but before completion of fact discovery). In *Korzan*, the defendants waited nearly four months after discovering the basis for their amended claims, and more than two months after the deadline to amend pleadings passed, before seeking to extend the scheduling order. *See* 2016 WL 4148242 at *3. Nonetheless, the district court found that "[a]though the defendants were somewhat dilatory, their delay fails to compare to situations where courts have not found good cause." *Id.* (listing cases). Here, the deadline to amend will not have expired before the filing of this motion and the Bureau served its discovery before the Court's initial scheduling conference. *See* Decl. ¶6; *Cattanach*, 2014 WL 11429037, at *4 (good cause existed where plaintiff moved to extend the deadline before expiration). Further, the extension sought should not require changes to any other deadlines in the scheduling order, and it is well before the deadline for completion of fact discovery.

## III. The proposed extension would not unduly prejudice TCF.

Good cause exists for granting the Bureau's request to extend the pleadings-amendment deadline, and granting the extension would not cause undue prejudice to TCF. Indeed, because the extension would likely not require the alteration of any other deadline in the scheduling order or require additional discovery not already contemplated by the current scheduling order, TCF cannot

show that moving this deadline would cause it undue prejudice. *See Karzan*, 2016 WL 4148242, at *3-4 (finding no undue prejudice where defendants moved to amend before end of fact discovery and before dispositive motions deadline); *cf. Dennis v. Dillard Dept. Stores, Inc.*, 207 F.3d 523 (8th Cir. 2000) (overturning district court decision not to allow amended pleading after discovery had closed, stating that delay alone is insufficient to reject amended pleadings where no significant prejudice to the nonmoving party is shown).

TCF also cannot claim surprise as to the substance of these potential new claims or bad faith by the Bureau. While not required, the Bureau offered to confer with TCF about these potential claims before moving to extend the deadline, but TCF refused. *See* Decl. ¶¶ 12. Further, these claims arise out of the same conduct that gave rise to the FAC, and that was under investigation before the lawsuit began. The factual bases for these claims arise from data and documents that TCF produced to the Bureau, and on TCF's own arguments.

## CONCLUSION

The Bureau respectfully requests that the Court find good cause to extend the deadline for amending the pleadings to a date 15 days after the court-ordered date for TCF's production of documents (provided TCF has complied with that order).

Dated: February 15, 2018

Respectfully submitted,

KRISTEN A. DONOGHUE
Enforcement Director

JEFFREY PAUL EHRLICH
Deputy Enforcement Director

JAMES T. SUGARMAN
Assistant Litigation Deputy

*/s/ Owen P. Martikan*
Owen P. Martikan (CA Bar No. 177104)
admitted pro hac vice
owen.martikan@cfpb.gov
ph: (415) 844-9790
Whitney Case
ph: (202) 435-7785
whitney.case@cfpb.gov
Nina Schichor
nina.schichor@cfpb.gov
ph: (202) 435-59770
Jack Douglas Wilson
doug.wilson@cfpb.gov
ph: (202) 435-9151

Consumer Financial Protection Bureau
1700 G Street NW
Washington, DC 20552